___ FILED      ✓ LODGED
___ RECEIVED  ___ COPY

MAR 1 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X  FILED         ___ LODGED
___ RECEIVED  ___ COPY

JUL 2 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona

3   KRISSA M. LANHAM
    Email: krissa.lanham@usdoj.gov
4   RACHEL R. STODDARD
    Email: rachel.stoddard@usdoj.gov
5   Assistant U.S. Attorneys
    Two Renaissance Square
6   40 N. Central Ave., Suite 1200
    Phoenix, Arizona 85004
7   Telephone: 602-514-7500
    Attorneys for Plaintiff

8
9                IN THE UNITED STATES DISTRICT COURT

10                   FOR THE DISTRICT OF ARIZONA

11   United States of America,              CR- 14-1461-2-PHX-NVW (DKD)

12                   Plaintiff,
                                            PLEA AGREEMENT
13          vs.

14
     Celestina Elizabeth Perez-Cos,
15
                     Defendant.
16

17          Plaintiff, United States of America, and the defendant, Celestina Elizabeth Perez-

18   Cos, hereby agree to dispose of this matter on the following terms and conditions:

19   **1.    PLEA**

20          The defendant will plead guilty to Count 4 of the indictment charging the

21   defendant with a violation of 8 United States Code (U.S.C.) §§ 1324(a)(1)(A)(iii),

22   (a)(1)(A)(v)(II), and (a)(1)(B)(i), Harboring an Alien for Private Financial Gain, a Class

23   C felony offense.

24   **2.    MAXIMUM PENALTIES**

25          a.     A violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and

26   (a)(1)(B)(i), is punishable by a maximum fine of $250,000, a maximum term of

27   imprisonment of 10 years, or both, and a term of supervised release of up to three years.

28   A maximum term of probation is five years.

SCANNED

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status in the United States. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

**3.    AGREEMENTS REGARDING SENTENCING**

a.    <u>Recommendation</u>.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend  a sentence at the low end of the applicable Guidelines sentencing range, which will be determined by the Court.

b.    Non-Binding Recommendations.  The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's custodial sentence shall not exceed 18 months.

d.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the only specific offense characteristic under U.S.S.G. § 2L1.1 that possibly applies to this defendant is U.S.S.G. § 2L1.1(b)(8)(A). The defendant may oppose the application of these specific offense characteristics and the government may support them.

e.    <u>Assets and Financial Responsibility</u>.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).  The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant

1    shall participate in the Inmate Financial Responsibility Program to fulfill all financial

2    obligations due and owing under this agreement and the law.

3            f.    Acceptance of Responsibility.    If the defendant makes full and complete

4    disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

5    commission of the offense, and if the defendant demonstrates an acceptance of

6    responsibility for this offense up to and including the time of sentencing, the United

7    States will recommend a two-level reduction in the applicable Sentencing Guidelines

8    offense level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16

9    or more, the United States will recommend an additional one-level reduction in the

10   applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

11   **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

12           a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

13   sentencing, shall dismiss the following charges: **Counts 1-3** of the Indictment.

14           b.    This office shall not prosecute the defendant for any other offenses

15   committed by the defendant, and known by the United States, in connection with the time

16   period during which Jane Doe was employed in her home, including Unlawfully Bringing

17   an Alien into the United States for private financial gain, in violation of 8 U.S.C. §§

18   1324(a)(1)(A)(i), (a)(1)(A)(v)(II), and (a)(2)(B)(ii).

19           c.    This agreement does not, in any manner, restrict the actions of the United

20   States in any other district or bind any other United States Attorney's Office.

21   **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

22           a.    If the Court, after reviewing this plea agreement, concludes that any

23   provision contained herein is inappropriate, it may reject the plea agreement and give the

24   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

25   11(c)(5).

26           b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

27   vacated, or reversed at any time, this agreement shall be null and void, the United States

28   shall be free to prosecute the defendant for all crimes of which it then has knowledge and

1  any charges that have been dismissed because of this plea agreement shall automatically

2  be reinstated.  In such event, the defendant waives any and all objections, motions, and

3  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

4  restrictions in bringing later charges or proceedings.  The defendant understands that any

5  statements made at the time of the defendant's change of plea or sentencing may be used

6  against the defendant in any subsequent hearing, trial, or proceeding subject to the

7  limitations of Fed. R. Evid. 410.

8  **6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

9          The defendant waives (1) any and all motions, defenses, probable cause

10  determinations, and objections that the defendant could assert to the indictment or

11  information; and (2) any right to file an appeal, any collateral attack, and any other writ

12  or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

13  judgment against the defendant, or any aspect of the defendant's sentence, including the

14  manner in which the sentence is determined, including but not limited to any appeals

15  under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

16  2255 (habeas petitions), and any right to file a motion for modification of sentence,

17  including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any

18  appeal, collateral attack, or other motion the defendant might file challenging the

19  conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall

20  not be construed to bar a claim by the defendant of ineffective assistance of counsel.

21  **7.     DISCLOSURE OF INFORMATION**

22          a.     The United States retains the unrestricted right to provide information and

23  make any and all statements it deems appropriate to the U.S. Probation Office and to the

24  Court in connection with the case.

25          b.     Any information, statements, documents, and evidence that the defendant

26  provides to the United States pursuant to this agreement may be used against the

27  defendant at any time.

28

c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)     criminal convictions, history of drug abuse, and mental illness; and

(2)     financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.     FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.     Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.     ELEMENTS**

**Haboring an Alien for Private Financial Gain**

Between on or about June 11, 2011 and December 31, 2013, in the District of Arizona:

1.     Jane Doe was an alien;

2.     Jane Doe was not lawfully in the United States;

3.     The defendant knew that Jane Doe was not lawfully in the United States;

4.     The defendant harbored Jane Doe for the purpose of avoiding her detection by immigration authorities; and

5.     The defendant harbored Jane Doe for the purpose of private financial gain.

1    **10.   FACTUAL BASIS**

2         a.      The defendant admits that the following facts are true and that if this matter

3    were to proceed to trial the United States could prove the following facts beyond a

4    reasonable doubt:

5         b.      Between June 1, 2011 and December 31, 2013, I harbored "Jane Doe," a

6    Guatemalan individual, at my home. Jane Doe is a citizen of Guatemala who was not

7    lawfully present in the United States. I knew that Jane Doe was not lawfully in the United

8    States. During the time that Jane Doe lived at my residence, she worked for my family by

9    taking care of my children and doing other household chores. I allowed her to live at my

10   house so she could continue providing those services for free and so that she would avoid

11   detection by immigration authorities.

12        c.      The defendant shall swear under oath to the accuracy of this statement and,

13   if the defendant should be called upon to testify about this matter in the future, any

14   intentional material inconsistencies in the defendant's testimony may subject the

15   defendant to additional penalties for perjury or false swearing, which may be enforced by

16   the United States under this agreement.

17                    **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

18        This agreement has been read to me in Spanish, and I have carefully reviewed

19   every part of it with my attorney.  I understand it and I voluntarily agree to it.

20        I have discussed the case and my constitutional and other rights with my attorney.

21   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

22   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

23   present evidence in my defense, to remain silent and refuse to be a witness against myself

24   by asserting my privilege against self-incrimination, all with the assistance of counsel,

25   and to be presumed innocent until proven guilty beyond a reasonable doubt.

26        I agree to enter my guilty plea as indicated above on the terms and conditions set

27   forth in this agreement.

28

- 7 -

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement.  I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement.  I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

1  depressant that would impair my ability to fully understand the terms and conditions of

2  this plea agreement.

3

4  _2 - 17 - 15_                              _Elizabeth Perez Cos_
   Date                                       Celestina Elizabeth Perez-Cos

5                                             Defendant

6                    **APPROVAL OF DEFENSE COUNSEL**

7            I have discussed this case and the plea agreement with my client in detail and have

8   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

9   constitutional and other rights of an accused, the factual basis for and the nature of the

10  offense to which the guilty plea will be entered, possible defenses, and the consequences

11  of the guilty plea including the maximum statutory sentence possible.  I have further

12  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

13  assurances, promises, or representations have been given to me or to the defendant by the

14  United States or any of its representatives that are not contained in this written

15  agreement.  I concur in the entry of the plea as indicated above and that the terms and

16  conditions set forth in this agreement are in the best interests of my client.  I agree to

17  make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

18  requirements of Fed. R. Crim. P. 11.

19          I translated or had translated this agreement from English into Spanish to the

20  defendant on the ___17___ day of ___Febrero___, 2015.

21

22  _2 / 17 / 15_                              RICHARD L. JUAREZ
    Date                                      Attorney for Defendant

23

24  //

25

26  //

27

28  //

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

3/10/15
Date

KRISSA M. LANHAM
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

7-20-15
Date

Honorable NEIL V. WAKE
United States District Judge

- 10 -